# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

AMBER ORMAN and ROBERT SULLIVAN,

    Plaintiffs,

v.

                                            Case No. 6:23-cv-2177-JA-EJK

FEDERAL INSURANCE COMPANY,

    Defendant.

## ORDER

This case is before the Court on Federal Insurance Company's Motion to Dismiss Count II of Plaintiffs' Complaint (Doc. 5) and Plaintiffs' Response (Doc. 23). Upon consideration of the parties' submissions, the Court finds that the motion must be denied.

## I. BACKGROUND[1]

This case concerns Federal's denial of coverage to Plaintiffs, Amber Orman and Robert Sullivan, on a property insurance claim. (Doc. 1-1 ¶ 5). Federal issued insurance coverage to Plaintiffs that included coverage for their property against wind, hurricane, water, and/or mold damage. (*Id.* ¶¶ 5–7). On

---

[1] Factual allegations in the Complaint are taken as true for the purpose of deciding the Motion to Dismiss. *See, e.g., Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

or about September 29, 2022, Plaintiffs' property was damaged by Hurricane Ian. (*Id.* ¶ 7).

In their two-count Complaint, Plaintiffs claim that though the damage is covered by their policy, Federal has not compensated them or acknowledged coverage. (*Id.* ¶¶ 7–8). In Count I, Plaintiffs assert breach of contract, and in Count II they request declaratory relief. Federal now moves to dismiss Count II for failure to state a viable cause of action. (Doc. 5).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), parties may move to dismiss claims brought against them by asserting that the relevant pleading "fail[s] to state a claim upon which relief can be granted." "Generally, federal civil complaints need only state 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1308 (11th Cir. 2002) (quoting Fed. R. Civ. P. 8(a)). "[D]etailed factual allegations" are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## III. DISCUSSION

In moving to dismiss Count II, Federal primarily argues that the declaratory judgment claim is duplicative of the breach of contract claim, which Federal contends provides Plaintiffs an avenue for relief. (Doc. 23). Because federal law governs, the Court construes Count II as seeking relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, which applies to cases brought to federal court based on diversity jurisdiction. *See, e.g., Massey Constr. Grp., Inc. v. Hartford Ins. Co. of the Midwest*, No. 2:19-CV-708-SPC-NPM, 2019 WL 5863897, at *2 (M.D. Fla. Nov. 8, 2019).

The fact that Plaintiffs' declaratory judgment claim might be duplicative of the breach of contract claim is not a basis for dismissing the claim for declaratory relief. Federal Rule of Civil Procedure 57 provides that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." *See also Turco v. Ironshore Ins. Co.*, No. 2:18-cv-634-FtM-99MRM, 2018 WL 6181348, at *2 (M.D. Fla. Nov. 27, 2018). The Declaratory Judgment Act similarly states that a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); *see also Powell v. McCormack*, 395 U.S. 486, 518, 89 S. Ct. 1944 (1969) ("[A] request for declaratory relief may be considered independently of whether other forms of relief are appropriate.").

Plaintiffs contend, and the Court agrees, that even if the claim for declaratory relief is duplicative of the breach of contract claim, Federal "will not

suffer any prejudice as the claim does not add additional expense, delay, confusion, or discovery burden." (Doc. 23 at 14). *See Tiro Beachwear Inc. v. Foremost Ins. Co.*, No. 6:20-cv-425-Orl-22DCI, 2020 WL 5983830, at *3 (M.D. Fla. Apr. 8, 2020).

Federal also argues that Plaintiffs fail to allege a real and substantial controversy, basing their claims on a hypothetical set of facts. The Court rejects that argument because the dispute here regarding whether the insurance policy covers Plaintiffs' property damage is not hypothetical. It "is a live and unresolved issue." *Barry v. QBE Specialty Ins. Co.*, No. 2:23-CV-296-SPC-NPM, 2023 WL 3975994, at *1 (M.D. Fla. June 13, 2023).

Ultimately, "a redundant claim should not be dismissed as long as it is valid," *Wichael v. Wal-Mart Stores E., LP*, No. 6:14-cv-579-Orl-40DAB, 2014 WL 5502442, at *2 (M.D. Fla. Oct. 30, 2014), and Defendant has not provided the Court with a sufficient basis to dismiss Count II in this case.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss (Doc. 5) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on February 12, 2024.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

4